**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

EDGAR VERNELL FUTRELL,               )
                                     )
         Plaintiff,                  )
                                     )
   v.                                )      Case No. 4:25-cv-00225-SEP
                                     )
FARMERS INSURANCE COMPANY, et al.,   )
                                     )
         Defendants.                 )

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Edgar Futrell's response, Doc. [6], to the Court's Order to Show Cause, Doc. [5]. For the reasons set forth below, the Court reverses its denial of Plaintiff's request to proceed without prepayment of the filing fee and dismisses the action for lack of subject matter jurisdiction.

### BACKGROUND

Plaintiff filed this action on February 25, 2025, against Farmers Insurance Company and PNC Financial Services. Doc. [1]. Plaintiff's home insurance is maintained through Farmers Insurance Company. *Id.* at 2. He alleges that Defendants have been overcharging him for homeowner's insurance for the past 11 years, thus causing his escrow to accumulate at a rate he deems "unjustifiable." *Id.* Plaintiff brings claims against Defendants for conspiracy, fraud, "predatory lending," and breach of contract. *Id.* at 5-7. The Complaint seeks approximately $46,000 in damages. *Id.* at 9.

On July 29, 2025, after initial review, the Court denied Plaintiff's request to proceed without prepayment of the filing fee because he failed to provide the Court with information about his income or assets. Doc. [5] at 2. The Court also required Plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *Id.* at 4. On September 2, 2025, Plaintiff timely responded to the Court's Order to Show Cause, seeking reconsideration of the denial of his request to proceed without prepayment of the filing fee and arguing that the Court has jurisdiction over this matter. *See* Doc. [6].

### DISCUSSION

**I.      Plaintiff may proceed *in forma pauperis*.**

In his response, Plaintiff first requests reconsideration of the denial of his request to proceed without prepayment of the filing fee. *Id*. at 1-2. Plaintiff attaches a copy of his

December 2024 bank statement showing a negative balance, as well as a copy of his Profit and Loss Statement/Schedule C from his 2024 Federal Taxes.  *See* Doc. [7].  He asserts that he makes only $300 per week on his lawn business, lives below the poverty level, receives a Social Security disability payment in an amount of $271 per month, and has no retirement benefits.  *See* Doc. [6] at 2.  Based on the foregoing, the Court finds that Plaintiff has shown good cause for reconsideration of the Court's denial of his request to proceed without prepayment of the filing fee.  Accordingly, the Court will vacate the denial of Plaintiff's request for leave to proceed *in forma pauperis*.

## II.    The Court lacks subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction.  *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008).  The existence of jurisdiction is a threshold requirement that must be assured in every federal case.  *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases").  The issue of the existence of jurisdiction may be raised at any time, by any party or by the court.  *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.  The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  Upon review of Plaintiff's Complaint and his response to the Court's Order to Show Cause, the Court finds no basis for federal jurisdiction.

In the Complaint, Plaintiff invokes federal question jurisdiction.  Doc. [1] at 5.  But nothing in the "Statement of Claim" refers to a violation of a federal statute or constitutional provision.  *See Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").  In his response to the Order to Show Cause, Plaintiff does refer to the First Amendment and several federal criminal statutes, but he asserts no First Amendment claim, and the cited statutes may only be prosecuted by the United States.  *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution

or nonprosecution of another."). Therefore, Plaintiff has failed to demonstrate federal question jurisdiction.

Similarly, Plaintiff has not established diversity jurisdiction under 28 U.S.C. § 1332. The Court has diversity jurisdiction over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Plaintiff's response states without elaboration that he is seeking relief in the amount of $100,000. Doc. [6] at 3. The Court does not need to consider the plausibility of that claim because the filing is devoid of information about the parties' citizenship, which is dispositive.

The burden falls upon the party seeking a federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). As explained in the Court's Order, in order to establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Plaintiff fails to include his own state of citizenship in either the Complaint or his response brief. He states only that he "has been a citizen 69 years born and naturalized in the United States of America and has a guaranteed constitutional right under the 1st Amendment to litigate a claim." Doc. [6] at 3. That information does not enable the Court to determine his citizenship for purposes of diversity jurisdiction. Plaintiff also fails to indicate the state of incorporation or principal place of business of either Defendant, again depriving the Court of what it would need to find that it has diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

A federal court has a duty to ascertain whether jurisdiction exists over a matter. After review of the record, having given Plaintiff an opportunity to show cause, the Court finds no basis for federal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to reconsider the denial of his Motion to Proceed *in Forma Pauperis* in this Matter is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court **VACATES** the portion of the July 29, 2025 Memorandum and Order, Doc. [5], denying Plaintiff's Request to Proceed *in Forma Pauperis*, and **GRANTS** Plaintiff leave to proceed *in forma pauperis* in this matter.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FINALLY ORDERED** that an appeal of this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.


Dated this 30th day of April, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE